UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY HEARNE, | No. 2:16-cv-1357 DB P |
| Plaintiff, | |
| v. | ORDER |
| DAVID BAUGHMAN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that during a visit to the medical facility at California State Prison, Sacramento (CSP-Sac), he was placed in a holding cage reserved for administrative segregation for two hours until the medical staff had time to see him. (ECF No. 1 at 2, 4.) Before the court are plaintiff's application to proceed in forma pauperis (ECF No. 5) and consideration of plaintiff's complaint. Plaintiff has consented to the jurisdiction of a magistrate judge. (ECF No. 7.) For the reasons set forth below, the court grants plaintiff's motion to proceed in forma pauperis and dismisses plaintiff's complaint with leave to amend.

**I.    Background**

Plaintiff initiated this action in June 2016. (ECF No. 1.) Plaintiff's statement of claim consists of a single paragraph describing his visit to the prison medical facility on June 3, 2016. (Id. at 2, 4.) Plaintiff describes having to go to the facility because of high blood pressure and

1

1    dizziness.  He states that defendant Richmond took his blood pressure and then instructed
2    defendant Simas to place plaintiff in an administrative segregation holding cage for two hours
3    until defendants had time to address plaintiff's needs.  Plaintiff's request for relief seeks a transfer
4    to a medical facility and money damages.  (Id.)  Plaintiff filed a motion to proceed in forma
5    pauperis on July 21, 2016.  (ECF No. 8.)

**II.     Motion to Proceed In Forma Pauperis**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**III.    Screening**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

**A.     Legal Standard**

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

1  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
2  Cir. 1989); Franklin, 745 F.2d at 1227.

3   In considering whether a complaint states a claim upon which relief can be granted, the
4  court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe
5  the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232,
6  236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
7  See Haines v. Kerner, 404 U.S. 519, 520 (1972). Still, to survive dismissal for failure to state a
8  claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or
9  "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly,
10 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of
11 action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662,
12 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial
13 plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads
14 factual content that allows the court to draw the reasonable inference that the defendant is liable
15 for the misconduct alleged." Iqbal, 556 U.S. at 678. Attachments to a complaint are considered
16 to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal
17 Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

18  **B.  Discussion**

19   As described above, plaintiff's statement of claim merely recounts an incident that
20 occurred on June 3, 2017. (ECF No. 1 at 2, 4.) Plaintiff's request for relief seeks monetary
21 damages and a transfer to a medical facility. (Id.) Plaintiff's complaint does not state the legal
22 basis on which he is pursuing this action. (Id.) Additionally, the complaint does not describe
23 how each defendant was involved, as defendants Baughman, Ma, and Bobbla are not mentioned
24 at all in the statement of claim, despite being named as defendants. (Id. at 1, 2, 4.)

25   When a prisoner claims he suffered inadequate medical care while incarcerated, he
26 invokes the Eighth Amendment's protection against cruel and unusual punishment. Whitley v.
27 Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v.
28 Gamble, 429 U.S. 97, 105-06 (1976). Plaintiff's complaint appears to be a claim for an Eighth

Amendment violation. However, plaintiff does not actually state the cause of action for this matter. Furthermore, plaintiff's factual allegations, as currently stated in the complaint, do not contain all of the necessary elements of claim for deliberate indifference to a medical need under the Eighth Amendment.

### 1.  **Eighth Amendment Standards**

As a general matter, a prisoner who alleges a violation of the Eighth Amendment must allege and prove that he suffered a sufficiently serious deprivation (the objective prong of the claim) and that officials acted with deliberate indifference in allowing or causing the deprivation to occur (the subjective prong of the claim). Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). Thus when a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. A viable Eighth Amendment medical claim, then, states two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994). If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to it with deliberate indifference. Farmer, 511 U.S. at 834. In general, a prisoner may show deliberate indifference with evidence that officials denied, delayed, or intentionally interfered with medical treatment, or he may show it by the way in which prison officials actively provided medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). Before it can be said that a prisoner's civil rights were violated by

4

1  inadequate medical care, however, "the indifference to his medical needs must be substantial.
2  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."
3  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at
4  105-06). See also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere
5  negligence in diagnosing or treating a medical condition, without more, does not violate a
6  prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same).

7      Deliberate indifference is "a state of mind more blameworthy than negligence" and
8  "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer,
9  511 U.S. at 835 (quoting Whitley, 475 U.S. at 319). Mere differences of opinion between a
10 prisoner and prison medical staff or between medical professionals as to the proper course of
11 treatment for a medical condition do not give rise to a civil rights claim. Toguchi, 391 F.3d at
12 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242
13 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

14     **2.   Sufficiency of Allegations against Defendants**

15     First, as noted above, plaintiff's allegations do not mention defendants Baughman, Ma,
16 and Bobbla at all, despite them being named as defendants. Accordingly, the complaint does not
17 contain any of the necessary elements of a claim against these defendants for deliberate
18 indifference to a serious medical need. Therefore, plaintiff's claims against defendants
19 Baughman, Ma, and Bobbla cannot proceed beyond the pleading stage. However, as explained
20 below, plaintiff will be provided another opportunity to plead his claim with the requisite
21 specificity.

22     Second, while the statement of claim names defendants Richmond and Simas and alleges
23 facts concerning certain actions they undertook, it also does not contain any of the necessary
24 elements of a claim against these defendants for deliberate indifference to a serious medical need.
25 Specifically, the complaint's allegation that plaintiff suffered high blood pressure, dizziness and a
26 headache only vaguely states a medical need, not a **serious** medical need. A medical need is
27 serious "if the failure to treat the prisoner's condition could result in further significant injury or
28 the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle,

429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60.

While plaintiff's complaint mentions elevated blood pressure, which could potentially be serious, it is only vaguely alluded to without elaboration. Additionally, plaintiff's ambiguous allegation of dizziness and a headache does not sufficiently allege seriousness, as there is no indication that failure to treat the condition could result in further significant injury or that the presence of these conditions significantly affect plaintiff's daily activities. See McGuckin, 974 F.2d at 1059-60.

Furthermore, to state a claim under the Eighth Amendment for deliberate indifference to that need, plaintiff must allege that the course of treatment doctors chose was "medically unacceptable under the circumstances" and was chosen "in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (citations omitted); see also Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012) (finding that "a reasonable jury could conclude that the decision of the non-treating, non-specialist physicians to repeatedly deny the recommendations for surgery was medically unacceptable under the circumstances"), overruled on other grounds by Peralta v. Dillard, 744 F.3d 1076, 1083 (9th Cir. 2014) (en banc). Plaintiff's allegation that defendants Richmond and Simas measured his blood pressure and then placed him in a holding cell for two hours does not establish that any course of treatment was medically unacceptable or was chosen "in conscious disregard of an excessive risk to [plaintiff's] health." See Jackson v. McIntosh, 90 F.3d at 332.

Additionally, the complaint does not in any way describe defendants Richmond and Simas' state of mind -- i.e., the "subjective prong" of an Eighth Amendment medical claim -- nor is there any factual material from which the court could reasonably infer that element. The allegations against defendants Richmond and Simas are not, therefore, sufficient for plaintiff to proceed with them beyond the screening stage. However, as mentioned above, plaintiff will be provided another opportunity to plead his claim with the requisite specificity.

////

////

Case 2:16-cv-01357-DB   Document 11   Filed 03/22/17   Page 7 of 8

**IV.    Conclusion**

The court finds that the complaint does not pass the screening test set by 28 U.S.C. § 1915A as to any claim against any defendant. Therefore the complaint will be dismissed. However, the court will grant plaintiff leave to file an amended complaint. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions or conduct of which he complains have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). That is, the amended complaint must provide the court with factual allegations that meet each and every element of the claim(s) he means to allege. Also, the amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Furthermore, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff is informed that if he does not file an amended complaint or otherwise respond to this order, the court will recommend that this case be dismissed for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 110.

In accordance with the above, IT IS HEREBY ORDERED that:

1.     Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2.     Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the

7

1 | California Department of Corrections and Rehabilitation filed concurrently herewith.

2 |       3.     Plaintiff's complaint is dismissed.

3-9 |       4.     Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint or otherwise respond to this order will result in a recommendation that this action be dismissed for failure to prosecute.

Dated: March 21, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.CIVIL RIGHTS / hear.1357.scrn